**NOT FOR PUBLICATION**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| In Re:<br><br>MICHELE D. ROTHMAN,<br><br>Debtor. | Case No.:     23-15073-ABA<br><br>Chapter:       7 |
| MICHELE D. ROTHMAN,<br><br>Plaintiff,<br><br>v.<br><br>FRIEDMAN VARTOLO, LLP, SN SERVICING CORPORATION AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST, JASON SCHWARTZ, ESQ., AND FRIEDMAN DEFENDANTS,<br><br>Defendants. | Adv. Proc. No.: 23-01298-ABA<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Hearing Date:    February 20, 2024 |

## MEMORANDUM DECISION

The matter before the court is the motion of Jason Schwartz, Esq.; Friedman Vartolo, LLP; Friedman Defendants; and SN Servicing Corporation as Servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust (collectively, the "Defendants") to dismiss the adversary proceeding, due to a lack of standing under Fed. R. Civ. P. 12(b)(1) and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, that the court permissively abstain from hearing the adversary proceeding pursuant to 28 U.S.C. § 1334(c) (the "Motion"). Michele D. Rothman (the "Plaintiff") opposes the Motion. For the reasons that follow, the court will grant the Motion in its entirety.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), (K) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New

Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## RELEVANT FACTS/PROCEDURAL HISTORY

Inasmuch as the Plaintiff has specifically sought relief associated with matters or actions in her main bankruptcy case, Bankr. Case No. 23-15073-ABA (the "Main Case"), some background is necessary.

This adversary proceeding is the latest chapter in an ongoing, multi-year litigation by the Plaintiff and her family against the Defendants and their predecessors in interest. The crux of this dispute concerns real property located at 2823 Schooner Lane in Hammonton, NJ 08037 (the "Property"), and an allegedly invalid Notice of Settlement.

The Main Case was initially filed as a chapter 13 case. On her schedules, the Plaintiff claimed to have a legal or equitable interest in the Property—invoking 11 U.S.C. §§ 541 and 362 and purportedly making it property of the estate protected by the automatic stay. Main Case, Doc. No. 19 at 2. Shortly after filing, the Plaintiff voluntarily converted her case to a chapter 7 case. Main Case, Doc. No. 56.

Prior to the initiation of this adversary proceeding, Defendant SN Servicing Corporation as servicer for U.S. Bank Trust N.A. as Trustee of the Cabana Series IV Trust (hereinafter, "SN Servicing") sought stay relief in the Main Case, citing the fact that the Plaintiff did not own the Property and that neither the Plaintiff, nor anyone else, had made any post-petition payments for the obligation secured by the Property during the pendency of the case. Main Case, Doc. No. 77. The Plaintiff responded, not by producing documentation evincing an interest in the Property or that post-petition payments were made, but by arguing that SN Servicing's motion was frivolous and that it lacked legal standing to bring its motion. Main Case, Doc. No. 83. The Plaintiff also made serious, but entirely unsubstantiated, allegations of ethical violations and wrongdoing. *Id.*

After a hearing on the matter which both parties attended, the court issued an opinion granting the motion for stay relief. Main Case, Doc. No. 86 ("Main Case Opinion"). The court addressed the Plaintiff's argument that SN Servicing lacked standing, explaining:

> In bankruptcy, a party may establish standing to seek relief from stay by demonstrating that it is a "party in interest" in the case. *In re Genrette*, 797 F. App'x 739, 740 n.3 (3d Cir. 2020). Unquestionably, a servicer is a proper party in interest. *In re Lau*, 684 F. App'x 235, 238 (3d Cir. 2017) (citing *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) ("A servicer is a party in interest in proceedings involving loans which it services")); *Bankers Tr. (Del.) v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (holding that either the lender or its servicer had standing to sue on mortgagor's default even though the servicer was not the holder of the mortgage); *In re Alcide*, 450 B.R. 526, 538 (Bankr. E.D. Pa. 2011) (a servicer may establish its authority to initiate legal

proceedings, including motions for relief from the automatic stay in bankruptcy court); *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (determining that mortgage servicer was a party in interest for purposes of a relief from stay proceeding). Under New Jersey law, it is likewise recognized that "loan servicers also address delinquent payments with a borrower and initiate foreclosure actions." *Prop. Asset Mgmt., Inc. v. Momanyi*, No. A-2713-09T2, 2011 WL 4056076, at *2 (N.J. Super. Ct. App. Div. Sept. 14, 2011).

"In the context of a motion for relief from the automatic stay to enforce a creditor's rights under a mortgage, courts have recognized that to have the 'legally protected interest' that makes a party a 'party in interest,' the movant must be the party that has authority to enforce the mortgage under applicable nonbankruptcy law." *In re Alcide*, 450 B.R. at 536. In New Jersey, either possession of the note or an assignment of the mortgage confers standing. *Bank of New York Mellon v. Johnson*, No. A-2915-21, 2023 WL 4614618, at *2 (N.J. Super. Ct. App. Div. July 19, 2023). Here, the Secured Creditor has both.

As to the note, it is well established in New Jersey that possession of the note confers standing on a party. *Grant-Covert v. Wells Fargo Bank, N.A.*, No. 15-6018 (NLH), 2016 WL 901081, at *3 (D.N.J. Mar. 9, 2016), *aff'd* (3rd Cir. 16-1880 Oct. 6, 2016); *see also Deutsche Bank Tr. Co. Americas v. Angeles*, 428 N.J. Super. 315, 318, 53 A.3d 673, 675 (App. Div. 2012); *Deutsche Bank Nat. Tr. Co. v. Mitchell*, 422 N.J. Super. 214, 223, 27 A.3d 1229, 1235 (App. Div. 2011). In this case, the original note was executed in favor of Superior Mortgage Corp. Doc. No. 77-3, p.1. The note was then endorsed by Superior Mortgage Corp to Wells Fargo Bank, N.A. Doc. No. 77-3, p.3. In turn, Wells Fargo endorsed the note in blank. *Id.* The Secured Creditor includes the original endorsed note. Therefore, it has standing to prosecute this Motion.

As to the mortgage, it is likewise well established in New Jersey that an assignment of a mortgage confers standing on a party. *Grant-Covert v. Wells Fargo Bank*, N.A., 2016 WL 901081 at *3; *see also Sterling Nat'l Bank v. Ruccio*, No. A-3307-17T4, 2019 WL 149697 (N.J. Super. Ct. App. Div. Jan. 9, 2019). In this case, Superior Mortgage Corp is also the original mortgagee. Doc. No. 77-4, p.1. The mortgage was assigned by MERS, as nominee for Superior Mortgage Corp to Wells Fargo Bank, NA. Doc. No. 77-5, p. 5. In turn, Wells Fargo assigned the mortgage to US Bank National Association as Trustee of the Igloo Series IV Trust. *Id.*, p. 9. Then, US Bank Trust National Association as Trustee of the Igloo Series IV Trust assigned the mortgage to US Bank Trust National Association as Trustee of the Cabana Series IV Trust. *Id.*, p. 12. Thus, as servicer to US Bank Trust National Association as Trustee of the Cabana Series IV Trust, the Secured Creditor has standing to prosecute this Motion.

Main Case Opinion at 3–4.[1] Thus, the court has already clearly found, contrary to the Plaintiff's assertion in her opposition to the current Motion, Doc. No. 7, p. 2, that SN Servicing has standing and is entitled to file pleadings with the court.[2]

Having found that SN Servicing had standing, the court next addressed whether grounds existed for stay relief. The court noted that the credible evidence presented indicated that the Property was owned not by the Plaintiff, but by her brother, Bernard Rothman; that the Plaintiff was not obligated on the mortgage or note; and that the Plaintiff had not demonstrated either an interest in the Property or an interest that would allow her to claim an interest in equity in the Property. *Id.* at 4. The court also noted that the dispute as to the debt related to the Property was subject to pending state court litigation, where summary judgment has already been entered. *Id.*

Notwithstanding the foregoing, before the court issued its opinion granting stay relief, the Plaintiff filed this adversary complaint. Doc. No. 1 (the "Complaint"). Her Complaint very closely resembles her opposition to the motion for relief from stay.[3] While she directly admits that SN Servicing has obtained summary judgment in the state court foreclosure action, Complaint, ¶4, she continues to attack the legal standing of the Defendants, repeating the same arguments which this court ultimately rejected in its Main Case Opinion. She still raises vague, unsubstantiated allegations of misconduct against Mr. Schwartz and the Friedman Vartolo firm as drafters of the motion for stay relief, accuses them of criminal conduct for submitting fraudulent documents before the court, and demands that the Defendants be removed from this bankruptcy case.

The court scheduled a Pre-Trial conference for January 23, 2024, at 2:00 p.m. Doc. No. 2-1 at 1. The Defendants filed their Motion to be returnable on the same day as the Pre-Trial conference. In their Motion, the Defendants sought dismissal of the adversary proceeding under Federal Rule of Civil Procedure 12(b), or in the alternative, that the court permissively abstain from hearing the adversary proceeding. Doc. No. 6. The Plaintiff timely filed opposition to the Motion, Doc. No. 7, and the Defendants responded to the Plaintiff's opposition. Doc. No. 8.

While the Defendants appeared on January 23rd, the Plaintiff did not—despite being provided with the Notice of Pre-Trial Conference.[4] As to the Motion, the court learned after the hearing that the Defendants never served the Plaintiff with the actual hearing date and time of the Motion. Even though the Plaintiff SHOULD have been present, if only for the Pre-Trial Conference, to ensure due process is served the court immediately rescheduled the hearing on the

---

[1] The court is aware that Plaintiff has filed a Notice of Appeal to United States District Court with regard to the Main Case Opinion and the order connected therewith. That appeal has no impact on the court's determination here. If the District Court reverses this court's decision in the Main Case Opinion, it would seem that this adversary proceeding is moot. On the other hand, if the District Court affirms this court's decision, the Defendants have standing and as set forth below, the Plaintiff cannot succeed on her other claims.

[2] In addition, the Main Case Opinion directly addresses the standing allegations asserted in paragraphs 3–5, 9, and 14–16 of the Complaint here.

[3] Indeed, in the adversary proceeding, the Plaintiff specifically requests that the court deny the motion for stay relief—but that ship has sailed, as evidenced by the issuance of the court's Main Case Opinion.

[4] See Doc. No. 5, which is the Plaintiff's Certificate of Service evidencing that she served the Defendants with the Pre-Trial notice and thus was aware of same.

Motion to February 20, 2024, by way of its own order. Doc. No. 10. That order, which required the parties to request oral argument if they wanted it, was timely and properly served on the parties. Doc. No. 12. No party requested oral argument and the court does not need any. The court considers the matter on the papers pursuant to D.N.J. LBR 9013-3(d).

The record is closed. The court has considered all submissions. The matter is ripe for disposition.

## DISCUSSION

### A. Fed. R. Civ. P. 12(b)(1) - Lack of Standing

Rule Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case for lack of subject-matter jurisdiction. There are two types of Rule 12(b)(1) attacks: facial and factual. A facial 12(b)(1) challenge "attacks the complaint on its face without contesting its alleged facts," and requires the court to "consider the allegations of the complaint as true." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "[A] factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Id.*

The Motion attaches several exhibits, taking its challenge to subject-matter jurisdiction outside the four corners of the complaint. Therefore, the court will construe the Motion as a factual 12(b)(1) challenge. When considering a factual 12(b)(1) challenge, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021).

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *see also Const. Party of Pennsylvania*, 757 F.3d at 357. This adversary proceeding implicates two distinct standing concepts: Article III standing, which is jurisdictional, and statutory standing, which is not. Article III standing "is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016). It "is built on separation-of-powers principles, [and] serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). Statutory standing, however, only goes to whether a party is statutorily entitled to bring a claim, not the power of the court to adjudicate the case. *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)). Because these are two distinct concepts, is entirely conceivable that a party might have statutory standing but not Article III standing, or vice versa.

Here, the Defendants challenge the Plaintiff's Article III standing to bring the claims in her complaint, not her statutory standing to initiate this proceeding. Motion at 3–4. So, even assuming that her mere possessory interest in the property is sufficient such that she is statutorily entitled to initiate this adversary proceeding,[5] the Plaintiff's claim still fails because her possessory interest is not sufficient to establish Article III standing. *See In re Hart*, No. 2:13-BK-17412-BR, 2015 WL 3895476, at *2 (B.A.P. 9th Cir. June 24, 2015) (a possessory interest in the Property is "insufficient to confer standing in a dispute which challenged the loan, loan documents, and foreclosure").

Article III standing requires that "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Plaintiff has not shown that she meets these requirements. For one, it is unclear from her Complaint what the "injury in fact" to her is. She challenges the Defendants' standing to file pleadings in this court, but fails to identify an injury fairly traceable to this fact: this is a no-asset chapter 7 bankruptcy case, so vacating the stay as to Property that she does not own or is not obligated for has no effect whatsoever on her case. She also fails to show that her claim is redressable. She challenges the underlying mortgage, but even assuming arguendo that a mere possessory interest in property gives rise to a cognizable injury—and caselaw suggests that it does not, *see In re Hart*, cited *supra*—the relief she requests would not redress that injury. The Plaintiff requests that this court:

    a. Strike all pleadings of Mr. Jason Schwartz, Esq
    b. Order Friedman Vartolo, LLP and Mr. Schwartz, Esq., to be removed from this bankruptcy case.
    c. Deny Motion to vacate the automatic stay.
    d. Order all Counsels for Friedman Vartolo, LLP to seek other Counsels for SN Servicing Corporation and US bank Trust as Trustee of the Cabana Series IV Trust.

Complaint at 7. But all of these requests for relief are forward looking, and none would redress any injury she alleges associated with the Property.

Moreover, beyond this bare constitutional minimum, "[i]t is a well-established tenet of standing that a 'litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'" *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 288 (3d Cir. 2002) (citing *Powers v. Ohio*, 499 U.S. 400,

---

[5] Interestingly, the Trustee has not abandoned any property in the Main Bankruptcy Case. Therefore, the Plaintiff's claim against the Defendants, to the extent she has a legitimate claim, is property of the estate. 11 U.S.C. § 541. As such, she has no statutory ability to bring her claims. *See, e.g.*, *In re Hart*, No. 2:13-BK-17412-BR, 2015 WL 3895476, at *3 (B.A.P. 9th Cir. June 24, 2015); *In re Roszkowski*, No. 12-06256-8-JRL, 2013 WL 652996, at *1 (Bankr. E.D.N.C. Feb. 21, 2013) ("A chapter 7 debtor does not have standing to pursue an action which is property of the estate that the trustee has not abandoned; the trustee alone has standing to sue."). Instead, the proper party here would be the chapter 7 trustee, who represents the estate. *See* 11 U.S.C. § 323; *see also In re Hart*, 2015 WL 3895476, at *3. In any case, the court will not dispose of this adversary proceeding on these grounds as this issue has not been briefed by the Defendants.

410 (1991)); *see also Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). A plaintiff can only assert the legal rights of a third party in specific, limited circumstances: "1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a 'close relationship'; and 3) the third party must face some obstacles that prevent it from pursuing its own claims." *Pennsylvania Psychiatric Soc.*, 280 F.3d at 288–89 (citing *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998)). *All three* of these criteria must be satisfied. *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003); *see also Miller v. Albright*, 523 U.S. 420, 447 (1998) (O'Connor, J., concurring); *Powers*, 499 U.S. at 411.

The Defendants assert that the Plaintiff lacks standing to bring this lawsuit because she neither owns the Property nor is obligated on the mortgage and note. Plainly, all of the allegations contained in the Complaint relate either to the mortgage or the Property and conduct related thereto. The court agrees with the Defendants. The Plaintiff has not suffered an injury because she does not own the Property and is not obligated to the Defendants. And, because the Plaintiff does not own the Property and she is not obligated on the mortgage or note, she has no legal standing to raise these claims on her own. *See United States v. Palmer*, 578 F.2d 144, 146 (5th Cir. 1978); *Garner v. Wells Fargo Home Mortg., Inc.*, 505 F. App'x 837 (11th Cir. 2013); *Bell v. Clarke*, No. CV TDC-15-1621, 2016 WL 1045959, at *2 (D. Md. Mar. 16, 2016); *Karim v. Bank of Am., N.A.*, No. CA 10-519 S, 2011 WL 4457212, at *11 (D.R.I. May 6, 2011), *report and recommendation adopted*, No. CA 10-519 S, 2011 WL 4458765 (D.R.I. Sept. 23, 2011); *Bank of Maine v. Matthews*, 795 F. Supp. 492, 494 n.4 (D. Me. 1992). Even if she were obligated on the mortgage, it is questionable whether she would have standing to challenge the assignment of the mortgage. *See Rajamin v. Deutsche Bank Nat. Tr. Co.*, 757 F.3d 79, 87 (2d Cir. 2014); *Wolf v. Fed. Nat. Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (mortgagor lacks standing to challenge the propriety of the assignment of the mortgage); *Bell*, 2016 WL 1045959 at *2 ("mortgagors generally lack standing to attack transfers of their mortgages through assignments"); *see also Rogers v. Bank of Am., N.A.*, 787 F.3d 937, 939 (8th Cir. 2015).

Nevertheless, the Plaintiff attempts to rest her claim to relief on the legal rights or interests of third parties, as confirmed by her own pleadings filed in opposition to the Motion. Unquestionably, she is asserting not her own legal rights and interests, but either those of Bernard Rothman, the owner of the Property, or her father. First, she attaches a copy of the state court foreclosure docket, which from the court's review, shows that she was not involved in the foreclosure action in any way until she filed for bankruptcy. Doc. No. 7-1 at 2–11. In fact, it is not until the docket entries on 6/22/23 and 6/30/23 that for the first time the Plaintiff's name is even mentioned—and then, only to reference her bankruptcy filing. *But*, those entries also note: "*Michele D. Rothman is not a party to the case according to the case management system*". *Id.* at 10 (emphasis added). Similar notations are placed on the docket on 8/14/23 and 8/16/23. *Id.* at 11.[6] What is more, the Plaintiff attaches several pleadings filed in the state court action, but again, none of those pleadings contain the Plaintiff's name, name her as a party, or were signed by the Plaintiff—in fact, all were prepared by the Plaintiff's father. Doc. No. 7-2; Doc. No. 7-3. Without doubt, the Plaintiff, through the Complaint, is resting her claim to relief on the legal rights or interests of third parties.

---

[6] Plaintiff provided a copy of what appears to be the entire docket for the foreclosure action. Of note—of the 232 docket entries made in that action, the only entries which contain the Plaintiff's name are those in which the state court has noted the Plaintiff is not a party to the case.

While it is enough to end the discussion here and dismiss the Complaint due to the Plaintiff's direct lack of standing as set forth above, it is also important to note that the Plaintiff has not established a required element to secure third-party standing: that "the third party must face some obstacles that prevent it from pursuing its own claims." *Pennsylvania Psychiatric Soc.*, 280 F.3d at 289. The Plaintiff has not demonstrated that there are obstacles preventing the owner of the Property or some other true party in interest from seeking relief on their own behalf. In fact, through her submissions, the Plaintiff has actually demonstrated the opposite. The state court's docket and the other documents prepared in connection with that case, which have been provided in this matter, show that there has been no obstacle preventing other relevant parties from accessing the state court and/or the District Court system. Simply put, a party who is not obligated on a mortgage cannot act on the mortgagor's behalf in the absence of evidence that some obstacle prevented that person from protecting their own interests. *Garner*, 505 F. App'x at 837 (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Because the Plaintiff has not demonstrated any obstacle to the owner of the Property or some other true party in interest from seeking relief on their own behalf, and because the pleadings submitted by the Plaintiff obviously demonstrate the absence of any such obstacle, the Plaintiff fails to meet the third criteria required for third-party standing, which is fatal to her claim.

Accordingly, since the Plaintiff has not met all the criteria necessary for direct standing and cannot meet all the criteria for third-party standing, dismissal of the Complaint is appropriate for lack of subject matter jurisdiction.

### B. Fed. R. Civ. P. 12(h)(3) - 28 U.S.C. § 157 Jurisdiction

In addition to the foregoing reasons why this court lacks subject matter jurisdiction, this court also lacks subject matter jurisdiction because the Plaintiff's complaint does not raise any claims over which this court has 28 U.S.C. § 157 jurisdiction. Federal Rule of Civil Procedure 12, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), provides that a court "must" dismiss a complaint if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); Fed. R. Bankr. P. 7012(b). And, because subject-matter jurisdiction "functions as a restriction on federal power," a court must "raise lack of subject-matter jurisdiction on its own motion." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *see also Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) (courts have "a continuing obligation to sua sponte raise the issue of subject matter jurisdiction").

Bankruptcy courts are courts of limited jurisdiction, which extends to only four types of matters: "(1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991); *see also* 28 U.S.C. § 157(b)(1), (c)(1). "Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as 'core' proceedings; whereas proceedings 'related to' a case under title 11 are referred to as 'non-core' proceedings." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 162 (3d Cir. 2004). Core proceedings are those which "invoke[] a substantive right provided by title 11" or those which "could arise only in the context of a bankruptcy case." *Halper v. Halper*, 164 F.3d 830, 836 (3d

Cir. 1999) (citing *In re Guild & Gallery Plus, Inc.,* 72 F.3d 1171, 1178 (3d Cir. 1996)). Non-core, related to proceedings are those in which "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). When a matter is neither a "core" nor "non-core" proceeding, a bankruptcy court has no subject matter jurisdiction. *E.g.*, *In re Csondor*, 309 B.R. 124, 129 (Bankr. E.D. Pa. 2004); *see also Pacor*, 743 F.2d at 996. Such matters must be dismissed sua sponte. *E.g. In re Wisdom*, No. 11-01135-JDP, 2016 WL 872102, at *4 (Bankr. D. Idaho Mar. 7, 2016), *aff'd sub nom. Wisdom v. Gugino*, 610 B.R. 327 (D. Idaho 2019).

This matter is not a core proceeding. Nowhere in the Complaint does the Plaintiff invoke any substantive right provided by title 11. Nor does she raise any claims which could arise only in the context of a bankruptcy case. The only relief she requests which is even remotely related to her bankruptcy case is her opposition to the Defendants' motion for stay relief, but even then, her arguments do not sound under bankruptcy law, and stay relief has been granted. The parties are free to pursue their rights outside of bankruptcy. More significantly, since the court's granting of stay relief has been appealed, the pending appeal divests this court of jurisdiction to consider that matter further. *In re St. Clair & Karen M. St. Clair,* 251 B.R. 660, 669 (D.N.J. 2000). Finally, the Complaint fails the *Pacor* test for related-to jurisdiction because the outcome of the adversary proceeding cannot conceivably have any effect on the estate. This is a no-asset chapter 7 bankruptcy, and none of the relief which the Plaintiff requests will affect the estate. Accordingly, since there is no core or non-core jurisdiction, the Complaint must be dismissed for lack of subject matter jurisdiction.

### C. Fed. R. Civ. P. 12(b)(1) - Failure to State a Claim

Federal Rule of Civil Procedure 12(b), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that a court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). A motion to dismiss under Civil Rule 12(b)(6) may be granted if, accepting all well-pled allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that a plaintiff has failed to set forth "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (ellipses omitted). A complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled. *Id.* at 678. A complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* And a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

At the motion to dismiss stage, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v.*

*Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). When considering a Rule 12(b)(6) motion, the court must accept all the factual allegations contained within the complaint as true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). All reasonable inferences should be drawn in favor of the plaintiff. *Gary v. Air Group, Inc.*, 397 F.3d 183, 186 (3d Cir. 2005). Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022).

When deciding a motion to dismiss, a court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A Court may also refer to "orders and items appearing in the record of the case." *In re RIH Acquisitions NJ, LLC*, 551 B.R. 563, 565 (Bankr. D.N.J. 2016). This doctrine "applies in adversary proceedings in a bankruptcy case, and even between separate adversary proceedings in the same bankruptcy case." *In re Pilgrim's Pride Corp.*, 442 B.R. 522, 530 (Bankr. N.D. Tex. 2010). Finally, a court may also consider "indisputably authentic documents that are referenced in or relied upon by the complaint." *In re Evergreen Solar, Inc.*, No. 11-12590 (MFW), 2014 WL 300965, at *1 (Bankr. D. Del. Jan. 28, 2014).

i. **The Defendants' Standing as the "Subject of Controversy"**
   - **Complaint, ¶¶1, 3–5, 8, 9, and 14–17**[7]

Without further repeating its conclusion in the Main Case Opinion finding that the Defendants had standing to pursue stay relief specifically on the merits of the evidence presented, the court incorporates the Main Case Opinion, as set forth above, here. And while the court believes that is enough, further discussion of standing generally is warranted.

The Plaintiff acknowledges that she resides at the Property.[8] Complaint, ¶1. Thus, at minimum, the Plaintiff has a possessory interest in the Property. Under the bankruptcy code, a "mere possessory interest in property, whether or not pursuant to a legal right of possession, is protected by the automatic stay." *In re Escobedo*, 513 B.R. 605, 611 (Bankr. D.N.M. 2014) (*citing In re Milaisnovich,* No. 11-13-12294 TA, 2014 WL 644455 (Bankr. D.N.M. 2014)). Likewise, the Third Circuit has directly held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section

---

[7] To the extent that a specific paragraph of the Complaint is not directly addressed, it is because that paragraph does not need to be directly addressed, either because it is a legal conclusion, has been addressed by the state court in the foreclosure action, or is argumentative, repetitive, irrelevant to this matter, already addressed in the Main Case Opinion, and/or information not requiring a response.

[8] The Plaintiff has never demonstrated that she is a lawful owner of the Property.

362." *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990). Accordingly, because the Plaintiff's property—i.e., her possessory interest in the Property—is property of the estate, a creditor would be required to obtain relief from the automatic stay to enforce its claim against the Property.

Along with that, on her bankruptcy schedules, the Plaintiff asserted an actual interest in the Property thereby bringing the protections of the automatic stay into play. The Plaintiff also actually listed SN Servicing as a creditor with a disputed secured claim against the Property on her Bankruptcy Petition. Main Case, Doc. 1.[9] Consequently, the Plaintiff, though her own admission in her petition, has acknowledged that SN Servicing has a claim.[10]

What is more, the disputed nature of the claim does not invalidate or extinguish the claim under the bankruptcy code. 11 U.S.C.A. § 101(5)(A) provides:

The term "claim" means--

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, *dispute*d, undisputed, legal, equitable, secured, or unsecured;

*Id.* (emphasis added). Thus, the Plaintiff's disputing the claim does not make SN Servicing any less of a "creditor" in bankruptcy. *In re Holstein*, 299 B.R. 211, 224 (Bankr. N.D. Ill. 2003), *aff'd sub nom. Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein*, No. 03 C 8023, 2004 WL 2075442 (N.D. Ill. Aug. 31, 2004). If that were the rule, then debtors could foreclose the ability of creditors to file pleadings simply by scheduling their debts as disputed. Obviously, this would be untenable; the bankruptcy code's broad definition of a "claim" remedies this effect. *See* 11 U.S.C. § 101(5)(A); *see also In re Knight*, 55 F.3d 231, 234 (7th Cir. 1995) ("a disputed claim is nevertheless a claim"). Most importantly, a creditor with a disputed claim *still* has standing to seek stay relief. *See In re Scott*, 607 B.R. 211, 216 (Bankr. W.D. Pa. 2019). This is true even when the dispute arises from an underlying mortgage, as a disputed claim is still a claim "[r]egardless of whether the underlying mortgage is valid." *In re Powers*, 860 F. App'x 159, 162 (11th Cir. 2021).

Even if it could be suggested that listing SN Servicing as a creditor in her Main Case was incorrect, the bankruptcy code tells us that it still has a claim in the Main Case. The bankruptcy code provides that a "'claim against the debtor' includes [a] claim against property of the debtor." 11 U.S.C.A. § 102(2). Thus, a direct individual claim against a debtor is not required. *See Johnson v. Home State Bank,* 501 U.S. 78, 86 (1991) ("Congress fully expected that an obligation

---

[9] When deciding a motion to dismiss in an adversary proceeding, "a bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events and other facts which are not reasonably in dispute." *In re Brown*, 591 B.R. 587, 591 (Bankr. M.D. Pa. 2018). This includes schedules. *Id.*; *see also In re Trichilo*, 540 B.R. 547, 549 (Bankr. M.D. Pa. 2015); *In re Baker*, No. 19-12015, 2020 WL 3815280, at *2 (Bankr. D. Kan. June 1, 2020); *In re Wright*, No. 7-09-10892 JR, 2009 WL 3633811, at *3 (Bankr. D.N.M. Oct. 30, 2009).

[10] Indeed, in the Complaint, the Plaintiff does not dispute that a mortgage loan was entered into. Rather, the Plaintiff disputes the validity of the mortgage loan note due to the late filing of a Notice of Settlement. Complaint, ¶10.

enforceable only against a debtor's property would be a 'claim' under § 101(5) of the Code."); *see also In re Sandrin*, 536 B.R. 309, 314 (Bankr. D. Colo. 2015) (a party has standing to enforce note by virtue of his claim against the debtor's property); *In re Davis*, 447 B.R. 738, 742 (Bankr. D. Md. 2011), *aff'd* (Jan. 12, 2012), *aff'd sub nom. TD Bank, N.A. v. Davis*, No. CIV. PJM 11-1270, 2012 WL 439701 (D. Md. Jan. 12, 2012), *aff'd sub nom. In re Davis*, 716 F.3d 331 (4th Cir. 2013) (bank had standing to challenge confirmation because it has a claim against property of the estate).

In addition, the bankruptcy code defines a creditor as an "entity that has a claim against the debtor. . ." 11 U.S.C. § 101(10)(A). Certainly, a creditor has standing to seek stay relief. *See In re Garcia*, 584 B.R. 483, 487 (Bankr. S.D.N.Y. 2018) ("in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party must be either a creditor or a debtor"); s*ee also In re Junk*, 512 B.R. 584, 605 (Bankr. S.D. Ohio 2014), *aff'd sub nom. Junk v. CitiMortgage, Inc.*, No. 2:14-CV-1428, 2015 WL 14025962 (S.D. Ohio Aug. 28, 2015), *aff'd,* No. 15-3986, 2016 WL 11900483 (6th Cir. May 19, 2016) ("Section 362(d)(1) permits relief from stay to be requested by a 'party in interest.' 11 U.S.C. § 362(d)(1). . . . The term creditor includes an entity holding a prepetition 'claim against the debtor[,]' 11 U.S.C. § 101(10)(A), and a '"claim against the debtor" includes claim against property of the debtor[.]'" 11 U.S.C. § 102(2)."); *In re Castro*, No. BAP CO-11-040, 2012 WL 611437, at *3 (10th Cir. BAP (Colo.) Feb. 27, 2012), *aff'd,* 503 F. App'x 612 (10th Cir. 2012) ("in order to be a party in interest with standing to seek relief under § 362(d), one must be either a debtor or a creditor of the bankruptcy estate").

The bottom line here is that SN Servicing has a claim against the property of the bankruptcy estate, either directly based upon the Plaintiff's schedules, or indirectly because of the Plaintiff's possessory interest in the Property. And because SN Servicing has a claim and/or is a creditor, it is a proper party-in-interest that has standing to file pleadings seeking relief from the automatic stay. The court confirmed SN Servicing's standing through the Main Case Opinion. Its pleadings were not frivolous as suggested by the Plaintiff. Complaint, ¶9. Thus, accepting all the factual allegations contained within the Complaint as true and drawing all reasonable inferences in favor of the Plaintiff, she cannot offer any evidence which would contradict that SN Servicing has a claim against the property of the bankruptcy estate giving it standing to seek stay relief. As such, the Complaint fails to state a claim and cannot state a claim upon which the court can grant relief. Dismissal is appropriate.

    ii.    **Failure to File a Proof of Claim**
        - **Complaint, ¶7**

The Plaintiff notes that SN Servicing never filed a proof of claim. Complaint, ¶7. The court can only assume that the Plaintiff is suggesting that SN Servicing's failure to do so somehow deprives it of standing. This is a red herring. "A person need not have filed a proof of claim in order to be a 'party in interest'" with standing. *In re Armstrong*, 303 B.R. 213, 219 (B.A.P. 10th Cir. 2004). Additionally, the Plaintiff's Main Case is a no-asset chapter 7 case. As such, there is no requirement that creditors file claims. *See* Fed. R. Bankr. P. 2002(e); *In re Toms*, 229 B.R. 646, 650 n.3 (Bankr. E.D. Pa. 1999); *see also In re Geisler*, No. ADV 14-2098-CMB, 2014 WL 6608765, at *2 (Bankr. W.D. Pa. Nov. 19, 2014), *aff'd*, 539 B.R. 253 (W.D. Pa. 2015), *aff'd sub nom. In Re Geisler*, 667 F. App'x 781 (3d Cir. 2016) (no purpose of filing proofs of claims in no-asset chapter 7 cases because there are no assets to administer); *Judd v. Wolfe*, 78 F.3d 110, 115

(3d Cir. 1996) ("In a case where there are no assets to distribute, however, the right to file a proof of claim is a hollow one"). The Plaintiff's argument is misguided and has no bearing on the standing of the Defendants. Thus, accepting all the factual allegations contained within the Complaint as true and drawing all reasonable inferences in favor of the Plaintiff, she cannot offer any evidence which would establish that SN Servicing was required to file a proof of claim in order to assert standing or for any other purpose. As such, the Complaint fails to state a claim and cannot state a claim upon which the court can grant relief. Dismissal is appropriate.

    iii.    Alleged Criminal Acts[11]
        -    Complaint ¶¶13 and 18

In declining to impose criminal punishment, the court in *In re Wallace*, 311 B.R. 601 (Bankr. N.D. Okla. 2004) explained:

> Bankruptcy court jurisdiction is a creature of statute. Under 28 U.S.C.A. § 1334, Congress vested federal district courts with "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all *civil* proceedings arising under title 11, or arising in or related to cases under title 11."[16] Bankruptcy courts must operate within this framework. . . . Section 1334 vests bankruptcy courts with jurisdiction over certain "civil proceedings." . . . this Court lacks jurisdiction . . .

311 B.R. at 605–06 (footnote omitted). Indeed, the bankruptcy court is a court of limited jurisdiction and has no jurisdiction to hear criminal matters. *In re Lindsey*, 178 B.R. 895, 903 (Bankr. N.D. Ga. 1995). "By precedent and by statute the adjudication of criminal matters is not the provenance of a bankruptcy court. Indeed, the Code explicitly provides that '[t]he filing of a petition under section 301, 302 or 303 of this title ... does not operate as a stay ... of the commencement or continuation of a criminal action or proceeding against the debtor[.]' 11 U.S.C. § 362(b)." *In re Fidler*, 442 B.R. 763, 767 (Bankr. D. Nev. 2010); *see also In re Vaso Active Pharms., Inc.*, 514 B.R. 416, 421–22 (Bankr. D. Del. 2014) ("bankruptcy courts possess no criminal jurisdiction."); *In re Wilcox*, 529 B.R. 231, 233 n.3 (Bankr. W.D. Mich. 2015) ("Bankruptcy courts have no criminal jurisdiction"). Likewise, "a bankruptcy court does not have jurisdiction to compel an investigation of alleged crimes." *In re Inglewood Woman's Club, Inc.*, No. 4:15-BK-15376-SHG, 2017 WL 2492530, at *1 (B.A.P. 9th Cir. June 7, 2017), *aff'd*, 708 F. App'x 392 (9th Cir. 2017). Consequently, the court has no jurisdiction over the Plaintiff's demand to impose punishment for the Defendants' alleged criminal conduct. Thus, accepting all the factual allegations contained within the Complaint as true and drawing all reasonable inferences in favor of the Plaintiff, she cannot offer any evidence which would contradict the fact that the court has no jurisdiction over criminal matters.

Finally, the Plaintiff would not have standing to pursue such criminal actions. "A 'bare criminal statute' does not create a private right of action. And individuals may not sue to compel

---

[11] To the extent that the Plaintiff is merely using the term "criminal" to sensationalize her allegations, or simply as a term of art, rather than actually seeking criminal prosecution, the court's reasoning throughout the entirety of this opinion still applies. Accordingly, the Plaintiff has failed to state a claim upon which relief can be granted.

the enforcement of criminal laws." *Rothman v. Cabana Series IV Tr.*, No. 1:23-CV-03183, 2023 WL 4866359, at *2 (D.N.J. July 31, 2023) (internal citations omitted) (citing *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) and *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981)). As such, the Complaint fails to state a claim and cannot state a claim upon which the court can grant relief. Dismissal is appropriate.

      iv.      **The Defendants' Alleged Conflict of Interest**
            - **Complaint, ¶21**

Finally, the Plaintiff demands that Mr. Schwartz and Friedman Vartolo be removed from this case and that SN Servicing be required to obtain substitute counsel. She states that Friedman Vartolo and its attorneys are named as defendants in a separate action which is being appealed to the Third Circuit. Doc. No. 1, ¶21. Therefore, she summarily concludes, they cannot represent SN Servicing in this action and SN Servicing "must be represented by another counsel." *Id.* She does not provide any further explanation, legal basis, or evidence for this drastic request beyond mere conclusory allegations of "conflict of interest."

However, even if it is true that Friedman Vartolo is a defendant in another case, that fact bears no relevance whatsoever on whether Friedman Vartolo may represent SN Servicing in this case. If it were the rule that a party named as a defendant in a separate proceeding could not appear in any other case involving the same plaintiff, then litigious plaintiffs could simply file frivolous lawsuits to disqualify the chosen counsel of their adversaries. Obviously, this cannot be the case. The Plaintiff's request for disqualification is especially troubling in light of the fact that it is her father, not her, who is the plaintiff-appellant in the other case she references.[12] The Plaintiff and her family cannot drag the Defendants into litigation through multiple proceedings in different courts and then turn around and argue that those same Defendants are not allowed to appear and defend themselves. That is simply not how it works. Disqualification is a drastic remedy, and is disfavored. *E.g.*, *Essex Chem. Corp. v. Hartford Acc. & Indem. Co.*, 993 F. Supp. 241, 246 (D.N.J. 1998); *see also Carlyle Towers Condominium Ass'n v. Crossland Sav.*, 944 F. Supp. 341, 345 (D.N.J. 1996); *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993). Courts have cautioned that disqualification should only be imposed when absolutely necessary, *see, e.g.*, *Alexander*, 822 F. Supp. at 1114 (citing *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)), and have recognized that disqualifying an attorney because of who the plaintiff chooses to sue "would encourage pleading gamesmanship," *see Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1171, 1206 (D.N.M. 2014). The Plaintiff has not shown nor even remotely alleged any set of facts to support of her drastic claim. Thus, accepting all the factual allegations contained within the Complaint as true and drawing all reasonable inferences in favor of the Plaintiff, she cannot offer any evidence which warrants a finding by the court to disqualify the Defendants. This distasteful litigation tactic will not prevail. As such, the Complaint fails to state a claim and cannot state a claim upon which the court can grant relief. Dismissal is appropriate.

---

[12] The court may properly reference the docket in that case, 23-2455 *Ronald Rothman v. Cabana Series IV Trust*, because it is a judicial proceeding not subject to reasonable dispute over its authenticity. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

> v. **Leave to Amend in Lieu of Dismissal**

The court is aware that generally, leave to amend in lieu of dismissal of a complaint is a preferred remedy, and that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a); Fed. R. Bankr. P. 7015. However, leave to amend need not be given when amendment would be futile, and in such cases, it is firmly within the court's discretion to dismiss a case without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000) (court may dismiss without leave to amend "on the grounds of bad faith, undue delay, prejudice, or futility"). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). This is the case where an amendment would be "frivolous or advance[] a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citing 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637–642 (2d ed. 1990)). Although pro se plaintiffs are ordinarily granted leave to amend inadequate complaints before a court rules on a motion to dismiss, courts routinely dismiss complaints without leave to amend when a claim is frivolous. *See White v. Hinds*, No. CIV.A. 13-7441 MAS, 2015 WL 3745216, at *4 (D.N.J. June 15, 2015), *aff'd*, 675 F. App'x 186 (3d Cir. 2017).

Undoubtedly, this rule applies here. The Plaintiff's Complaint is utterly without merit and devoid of credible factual assertions. The claims alleged are legally insufficient on their face. The documents submitted in connection with the Motion have no bearing here and do not even involve the Plaintiff. The whole matter reeks of bad faith, abuse, and as it did in the Main Case Opinion, the court questions who is really running the show here. There is absolutely NO basis for the relief sought by the Plaintiff and any amendment would be futile. Dismissal of the Complaint, rather than leave to amend, is warranted.

### D. Defendants' Motion for the Court to Permissively Abstain

Separate from the Defendants' request for the court to dismiss the case is its request for the court to permissively abstain. Even assuming, arguendo, that the court is incorrect in its decision to dismiss the Plaintiff's Complaint without leave to amend, this court would abstain anyway.

The Defendants request that this court permissively abstain from deciding this adversary proceeding. Permissive abstention is governed by 28 U.S.C. § 1334(c), which provides that a bankruptcy court may abstain from hearing an adversary proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). There is no bright-line test to apply when determining whether permissive abstention is appropriate; rather, courts in the Third Circuit consider a variety of factors. Most courts apply a twelve-factor test, considering:

> (1) the presence in the proceeding of non debtor parties; (2) the extent to which state law issues predominate; (3) the unsettled nature of the applicable state law;

> (4) the presence of a related proceeding commenced in state court; (5) the jurisdictional basis, if any, other [than] 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court without enforcement left to the bankruptcy court; (9) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (10) the existence of a right to a jury trial; (11) the burden on the bankruptcy court's docket; and (12) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

*In re Simpson*, No. 14-16173 (JNP), 2015 WL 6124004, at *5 (Bankr. D.N.J. Oct. 16, 2015) (citing *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 185 (Bankr. D.N.J. 2002)); *see also In re Windhaven Top Ins. Holdings, LLC*, 636 B.R. 596 (Bankr. D. Del. 2021); *In re DHP Holdings II Corp.*, 435 B.R. 220 (Bankr. D. Del. 2010); *In re Topfer*, 587 B.R. 622 (Bankr. M.D. Pa. 2018). "Out of these twelve, 'three factors are given more weight than the others: (1) the effect on the administration of the estate; (2) whether the claim involves only state law issues; and (3) whether the proceeding is core or non-core.'" *In re Windhaven Top Ins. Holdings, LLC*, 636 B.R. at 607 (citing *In re Patriot Nat'l, Inc.*, 623 B.R. 696, 712 (D. Del. 2020)).

Other courts apply a sixteen-factor test. *E.g.*, *In re MicroBilt Corp.*, 484 B.R. 56, 66 (Bankr. D.N.J. 2012); *In re Strano*, 248 B.R. 493, 504 (Bankr. D.N.J. 2000). And some other courts use a seven-factor test. *E.g.*, *Jazz Photo Corp. v. Dreier LLP*, No. 05–5198, 2005 WL 3542468, at *7 (D.N.J. Dec. 23, 2005); *In re Donington, Karcher, Salmond, Ronan & Rainone*, 194 B.R. 750, 756–59 (Bankr. D.N.J.1996). However, the difference between these tests is not substantial, and in any case, courts do not need to consider every factor in every case. *Monmouth Inv., LLC v. Saker*, No. CIV.09-3063 (FLW), 2010 WL 143687, at *4 (D.N.J. Jan. 12, 2010). Rather, "[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Shalom Torah Centers v. Philadelphia Indem. Ins. Companies*, No. CIV.A. 10-6766 FLW, 2011 WL 1322295, at *4 (D.N.J. Mar. 31, 2011) (citing *In re Earned Capital Corp.*, 331 B.R. 208, 220 (Bankr. W.D. Pa. 2005), *aff'd sub nom. Geruschat v. Ernst & Young LLP*, 346 B.R. 123 (W.D. Pa. 2006), *aff'd sub nom. In re Seven Fields Dev. Corp.*, 505 F.3d 237 (3d Cir. 2007)).

For the purposes of a motion to dismiss based on abstention, not only are courts not limited to the four corners of the complaint, but courts can also properly consider matters outside the pleadings. *See Hazbun Escaf v. Rodriquez*, 191 F. Supp. 2d 685, 687 n.7 (E.D. Va.), *aff'd sub nom. Escaf v. Rodriguez*, 52 F. App'x 207 (4th Cir. 2002); *see also Virginia ex rel. Integra REC LLC v. Countrywide Sec. Corp.*, 92 F. Supp. 3d 469, 476 (E.D. Va. 2015). Reviewing the record, and applying these twelve factors here, presents a clear case for abstention.

The first factor favors abstention. It is abundantly clear that there is attempt to do in this court what other non-debtor parties could not achieve in the foreclosure matter currently pending in the state court. In Part A, above, the court has demonstrated how the Plaintiff has no direct or third-party standing as it relates to the Property which is the subject matter of the state court proceeding. In her opposition to the Motion, the Plaintiff's argument focuses solely on matters arising out of the state court foreclosure action—an action she is NOT a party to, as confirmed by

the state court docket the Plaintiff attached as Exhibit A in support of her opposition. Doc. 7-1. What is more, the remaining exhibits attached in support of her opposition to the Motion are ALL prepared by non-debtor parties. *See* Doc. Nos. 7-2, 7-3, & 7-4. The Plaintiff is not even named or listed on those non-debtor party documents! This proceeding ONLY involves the presence of non-debtor parties who are attempting to utilize the court here because they are not getting the results they want in the pending state court foreclosure action. The first abstention factor is satisfied.

The second factor, the extent to which state law issues predominate, strongly favors abstention. Nearly every claim which the Plaintiff raises sounds under state foreclosure law. First, she attacks the validity of the note, which arose under and is governed by New Jersey law. Doc. No. 1, ¶10. Essentially, her argument is that the note is invalid because the original lender failed to properly file a notice of settlement. *Id.*, ¶11. But this is a state law claim. The fact that the Plaintiff cites exclusively to New Jersey statutes, and not to any provision of the bankruptcy code, proves as much. *Id.* Next, she accuses Friedman Vartolo of professional misconduct. Again, New Jersey law, not federal law, governs here. *See, e.g.*, *Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 137 (D.N.J. 2004). Then, she raises vague allegations of criminal conduct. Because her pleadings are so vague, the court is unable to discern if the Plaintiff is attempting to allege a federal or state criminal matter. In either case, as noted in Part C. iii., above, it is outside of this court's jurisdiction, and certainly not a matter of bankruptcy law. In fact, the only bankruptcy issue which the Plaintiff raises in her adversary complaint is her request that the motion for relief from stay be denied. This claim, however, is moot because this court already granted stay relief, and in any case the pending appeal divests this court of jurisdiction over the matter. Thus, not only do state law issues predominate, but state law issues are the *only* issues. Most compellingly, the Plaintiff even admits that there is no issue of bankruptcy law, claiming, incredibly, that "[t]he Complaint filed does not warrant a Bankruptcy Statute." Doc. No. 7 at 2. The second abstention factor is satisfied.

The third factor, the unsettled nature of the applicable state law, favors abstention. Simply put, the state law is not unsettled on the issues presented, as clearly demonstrated by the thorough analysis provided by the state court in its *Memorandum Of Decision On Motion Pursuant To Rule 1:6-2(F)* dated October 21, 2023, in the state court foreclosure action. *See* Doc. 8-2. The third abstention factor is satisfied.

The fourth factor, the presence of a related proceeding commenced in state court, favors abstention. There is an ongoing foreclosure action pending in state court. The Plaintiff's entire opposition to the Motion speaks to and incorporates the pending state court foreclosure action. Doc. No. 7. The Plaintiff even admits that SN Servicing obtained an order for summary judgment in that action. Complaint, ¶4. Indeed, the Plaintiffs pleadings are replete with references to the state court action. Doc. No. 1 at ¶¶4, 14, & 16; Doc. No. 7 at ¶¶2, 3, 5, & 6; *see also* Bankr. Case No. 23-15073-ABA, Doc. No. 83 at ¶¶8–12. That pending proceeding as it relates to ALL the claims made by the Plaintiff in this matter establishes that the fourth abstention factor is satisfied.

The fifth factor, the jurisdictional basis, if any, other than 28 U.S.C. § 1334, favors abstention. This court would not have jurisdiction over any of the Plaintiff's claims absent the bankruptcy filing, and even then, as set forth in Part B above, the court doesn't have jurisdiction over the non-core issues raised. The fifth abstention factor is satisfied.

The sixth factor, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, favors abstention. The Plaintiff's bankruptcy case is a no-asset chapter 7, and the outcome of this adversary proceeding bears no relevance whatsoever on the outcome of the main case. Besides, the court has already granted SN Servicing relief from the automatic stay and consequently, the estate no longer has any interest, if any, in the Property. The sixth abstention factor is satisfied.

The seventh factor, the substance rather than the form of an asserted "core" proceeding, favors abstention. The Third Circuit has held:

> To determine whether a proceeding is a "core" proceeding, courts of this Circuit must consult two sources. First, a court must consult § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." *See id.* § 157(b)(2)(A)-(O). Second, the court must apply this court's test for a "core" proceeding. Under that test, "'a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'" *In re Guild & Gallery Plus, Inc.,* 72 F.3d 1171, 1178 (3d Cir.1996) (quoting *Marcus Hook,* 943 F.2d at 267); *see In re Continental Airlines,* 125 F.3d 120, 131 (3d Cir.1997); *cf. Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir.1990). This Court and other courts of appeals have relied on this test to ensure that § 157(b) "core" proceeding jurisdiction is exercised in a manner consistent with *Marathon.*

*Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999). Under that test, this adversary proceeding is not a core proceeding in substance as much as it is the state court action dressed up as an adversary complaint. The Plaintiff does not invoke any substantive rights provided by title 11 besides her opposition to the motion for stay relief, which is moot. Nor could this proceedings arise only in the context of the bankruptcy case. On the contrary, the issues in this proceeding have been repeatedly litigated and continue to be litigated in state and federal court outside of bankruptcy. The seventh abstention factor is satisfied.

The eighth factor, the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court without enforcement left to the bankruptcy court, favors abstention. Allowing judgments to be entered in state court would not affect the administration of this bankruptcy case. And, where all claims are essentially non-core matters as is the case here, abstention is appropriate. *See In re DHP Holdings II Corp.*, 435 B.R. 220, 232 (Bankr. D. Del. 2010). To be sure, as the court has repeatedly noted, the claims raised are ALL state court or district court claims—not bankruptcy claims. The eighth abstention factor is satisfied.

The ninth factor, the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, favors abstention. As set forth repeatedly throughout this opinion, there is absolutely no effect on the administration of the estate. This is a no-asset chapter 7 bankruptcy case. Stay relief has been granted. The Plaintiff's mere possessory interest has absolutely NO impact on the estate even if she were successful here, because she does not own the Property and she is not obligated to SN Servicing under the note and mortgage. There would be

no effect on either of the debtor/creditor relationship, or more importantly, on the estate. The ninth abstention factor is satisfied.

The tenth factor, the existence of a right to a jury trial, favors abstention. Assuming the Plaintiff was able to seek a jury trial in state court, that is where it would have to take place as the bankruptcy court does not conduct jury trials. The tenth abstention factor is satisfied.

The eleventh factor, the burden on the bankruptcy court's docket, favors abstention. In effect, the Plaintiff is trying to relitigate matters which have been presented to and decided by other courts. The Plaintiff is essentially asking this court to sit as an appellate court. The court declines to do so. Its own docket is full and it need not take up its time with matters that involve non-debtors, rely solely on state law claims which have already been determined, and have no relation to or impact on the bankruptcy estate and at best, have no merit. The court instead needs to focus on matters properly brought before it. The eleventh abstention factor is satisfied.

The twelfth factor, the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, favors abstention. The history of the litigation surrounding the Property demonstrates a significant degree of forum shopping. First, on February 23, 2022, U.S. Bank Trust, National Association—a Defendant in this case—initiated a foreclosure action in state court. *U.S. Bank Trust Nat'l v. Rothman*, No. F-1484-22 (N.J. Super. Ct. Ch. Div. Feb. 23, 2022); Main Case, Doc. No. 17 at 5. The state court entered summary judgment in favor of U.S. Bank, and denied reconsideration. Doc. No. 6-1; Doc. No. 6-2. In the state court foreclosure action, the Plaintiff's father claimed that U.S. Bank violated the New Jersey Settlement Act by failing to properly file and record the Notice of Settlement. The court directly rejected this argument, *finding it "meritless"*. Doc. No. 6-2 at 15 (emphasis added). After losing in state court, the Plaintiff's father attempted to remove the action to federal court. Main Case, Doc. No. 17 at 50. Then, the Plaintiff's father filed a lawsuit in the district court, challenging the legal standing of U.S. Bank, challenging the validity of the note, and accusing Friedman Vartolo of misconduct. *Rothman v. Cabana Series IV Tr.*, No. 1:23-CV-03183, 2023 WL 4866359, at *2 (D.N.J. July 31, 2023); *see also* Main case, Doc. No. 17 at 5. The district court dismissed the complaint with prejudice. Now, after losing in state court and before the district court, the Plaintiff files this Adversary Proceeding and repeats the same arguments that have been unsuccessful elsewhere. Notably, she raises the exact same argument regarding the Notice of Settlement which the state court already found to be meritless. Given the history of litigation surrounding this Property, the similarities between the arguments which were raised in different courts, and the lack of any legitimate question of bankruptcy law presented by the Plaintiff's adversary complaint, it is clear that the Plaintiff, and her family, have engaged in forum shopping. The twelfth abstention factor is satisfied and that, together with ALL of the foregoing, shows without question that abstention is warranted.

## CONCLUSION

Based upon the foregoing, the Motion is granted in its entirety. The adversary proceeding is dismissed without leave to amend, and in the unlikelihood that the court is incorrect in this regard, the court permissively abstains from hearing the matter. The Plaintiff and the Defendants

can continue to pursue their rights and remedies in the pending state court and/or district court matters.

    An appropriate judgment has been entered consistent with this decision.

    The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: February 20, 2024